TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
SACHIKO J. JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PLASTIC SURGERY INSTITUTE OF · UTAH, INC.; MICHAEL KIRK MOORE JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; AND SANDRA FLORES,<br><br>Defendants. | Case No. 2:23-CR-00010-HCN-JCB<br><br>UNITED STATES' OPPOSITION TO DEFENDANT MICHAEL KIRK MOORE'S AND KARI DEE BURGOYNE'S MOTIONS TO DISMISS CRIMINAL COMPLAINT AND CHALLENGE TO JURSIDICTION AND STANDING<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

The United States submits the following Opposition to Defendant Doctor Michael Kirk Moore's Motion to Dismiss Criminal Complaint and Challenge to Jurisdiction and Standing (Dkt. No. 75) and to Defendant Kari Dee Burgoyne's Motion to Dismiss Criminal Complaint and Challenge to Jurisdiction and Standing (Dkt. No. 80).

First, the defendants make identical claims that these proceedings must be vacated because the Court lacks jurisdiction. The defendants are mistaken. Congress is empowered by Article I,

1

Section 8 of the Constitution to create, define, and punish crimes in the United States.[1] Under 18 U.S.C. § 3231, passed by Congress, federal district courts, like the United States District Court for the District of Utah, have original jurisdiction over cases arising under federal statutes ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

The jurisdictional theory espoused by the defendants has been considered and rejected outright by various courts including the Tenth Circuit.[2] Here, as in *Collins*, the defendants' "motion[s] to dismiss advance[] the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories."[3]

Contrary to the defendants' assertions, it is well settled that "a federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."[4] Defendants' arguments, that the District Court lacks jurisdiction because they are "sovereign living man [and woman] (NOT a sovereign citizen), created in the image of YHWH see Genesis 1:26-28; in a capacity as a foreign non-resident alien, WITHOUT

---

1 *United States v. Worrall*, 2 U.S. (2 Dall.) 384, 394 (1798).
2 *United States v. Collins*, 920 F.2d 619, 629 (10 Cir. 1990) ("[e]fforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation."); *see also United States v. Evans*, 717 F.2d 1334, 1334 (11 Cir. 1983) (appellant's contention that district court lacked subject matter jurisdiction over the offense of willful failure to file federal income tax returns was frivolous); *United States v. McCarty*, 665 F.2d 596, 597 (5 Cir. 1982), cert. denied, 456 U.S. 991 (1982) (finding defendant's claim that district court lacked jurisdiction in federal tax case was "without perceivable permit," as the court had jurisdiction over offenses against laws of the United States).
3 *Collins*, 920 F.2d at 629.
4 *United States v. Rendon*, 354 F.3d 1320, 1326 (11 Cir. 2003); s*ee also United States v. Lussier*, 929 F.2d 25, 27 (1 Cir. 1991) ("It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained . . . 18 U.S.C. § 3231, moreover, gives the district court *subject matter* jurisdiction over 'all offenses against the laws of the United States.'" (emphasis in original) (internal citations omitted)).

the United States…." (Dkt. No. 75 at 8, Dkt No. 80 at 8) is simply frivolous and wrong.[5]

On January 11, 2023, Dr. Michael Kirk Moore and Kari Dee Burgoyne were indicted by grand jury for violations of 18 U.S.C. § 371 in Count 1, 18 U.S.C. §§ 371 and 641 in Count 2, and 18 U.S.C. §§ 641 and 2 in Count 3. These are federal statutes, and this Court has original jurisdiction over these matters.

The defendants also assert in the title of their motions that the Court lacks standing. This appears to be a misnomer and duplicative challenge to jurisdiction, as standing relates to a party's ability to bring a claim in court and not the court's authority to hear that claim.[6] To the extent the defendants challenge the United States' standing to bring this prosecution, such a motion must also fail, as the United States has "axiomatic" standing to redress violations of federal criminal statutes.[7]

Defendants were properly charged by indictment, were properly served with process via

---

5 *See United States v. Sileven*, 985 F.2d 962, 970 (8 Cir. 1993); *United States v. Masat*, 948 F.2d 923, 934 (5 Cir. 1991) (argument that defendant is "non-citizen," "non-resident," or "freeman" is frivolous); *United States v. Sloan*, 939 F.2d 499, 501 (7 Cir. 1991) (defendant's argument that he is not subject to the jurisdiction of the laws of the United States because he is not a citizen of the United States "is simply wrong"); *United States v. Mundt*, 29 F.3d 233, 237 (6 Cir. 1994) (rejecting argument that court lacks jurisdiction over defendant because he is a resident of Michigan rather than a "federal zone").

6 *See e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (finding that the elements of standing relate to the injury a plaintiff has suffered).

7 *Sierra Club v. Two Elk Generation Partners, L.P.*, 646 F.3d 1258, 1277 n.8 (10th Cir. 2011) ("When the federal government or one of its agencies brings suit, its standing is usually based on its power, defined by Congress, to redress violations of the laws of the United States. This may be in tension with courts' current understanding of Article III standing, but it is nonetheless axiomatic."), *United States v. Daniels*, 48 F. App'x 409, 418 (3d Cir. 2002) (unpublished) ("As sovereign, the United States has standing to prosecute violations of valid criminal statutes."); *see also United States v. Ellis*, No. 2:06CR390, 2007 WL 2028908, at *1 (W.D. Pa. July 12, 2007) (finding that a *pro se* defendant challenging the United States' standing to prosecute, after latching on to the injury-in-fact requirement for standing in an Article III civil controversy, presented a "meritless legal theory" that "fail[ed] to appreciate the distinctions to be drawn between a criminal case and a civil controversy"), *United States* v. *Owens*, No. 5:13 Cr. 123 (KKC), 2014 WL 2600082, at *1 (E.D. Ky. June 10, 2014) ("To the extent that Owens is arguing that the government has no standing to prosecute him because the government has not been injured by the acts alleged in the indictment, 'the Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal laws.'") (quoting *United States* v. *Yarbrough*, 452 F. App'x 186, 189 (3d Cir. 2011) (unpublished)).

summons, appeared in court, and have entered pleas of not guilty to the charges. Contrary to the defendants' assertions, the United States is a party to this action and appears on the criminal docket sheet.

As a basis for dismissal, the only theory the defendants articulate is the assertion that the court lacks jurisdiction. As discussed above this Court has jurisdiction over the present case, which arises under federal statutes. Therefore, the Court should deny both motions.

        Respectfully Submitted,

        TRINA A. HIGGINS
        United States Attorney

        _/s/ Sachiko J. Jepson_
        SACHIKO J. JEPSON
        Special Assistant United States Attorney