TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
SACHIKO JEPSON, Special Assistant United States Attorney (#17077)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
111 South Main Street, Ste. 1800, Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PLASTIC SURGERY INSTITUTE OF UTAH, INC., MICHAEL KIRK MOORE JR., KARI DEE BURGOYNE, KRISTIN JACKSON ANDERSON, AND SANDRA FLORES,<br><br>　　　　　　Defendants. | CASE NO: 2:23-cr-00010<br><br>GOVERNMENT'S MOTION TO HOLD A HEARING TO CLARIFY THE RECORD<br><br>Judge Howard C. Nielson, Jr. |

　　　　The United States hereby moves this Court to schedule a hearing to address previous representations by defense counsel regarding what date they could effectively represent their clients.

　　　　Counsel for Dr. Moore has represented to the Court that "no Order continuing the trial has yet been entered." (ECF 190). This is incorrect. Based on representations by defense counsel that they would not be effective and would be unable to try this case as schedule, this Court <u>already</u> orally ruled on a motion to continue by defendants and **granted** that motion on October 18, 2024. *See* Docket Entry 174 ("Court set the following dates: Motions cut-off 2/14/2025; Plea cut-off 4/18/2025; Status report due 4/21/2025; Final Pretrial Conference set for 6/20/2025 at 10:00 AM in Rm 7.300 before

Judge Howard C. Nielson, Jr.; Jury Trial set for 7/7/2025 - 7/28/2025 at 10:00 AM in Rm 7.300 before Judge Howard C. Nielson, Jr. **_Written Order to follow oral order_**: Yes.") (emphasis added).

In granting that motion, the Court relied on representations by David Drake, lead counsel for Moore, who represented to the Court that he has cancer, which requires upwards of three surgeries. Counsel for Dr. Moore has not indicated that these procedures are no longer necessary. Counsel for Dr. Moore also represented that the Court's rulings on October 18, 2024 substantially altered Moore's trial strategy and additional time to prepare for trial was needed to reevaluate the case and create an altered, effective defense strategy. In counsel's letter to the Court asking for a speedy trial, they did not make any representation about their ability to be effective, and offered zero explanation as to why on one day they represented they could not be effective, and now they can be.

Catering to these 8-month, wildly shifting demands by defense counsel without requiring any explanations or new motions to vacate an already entered order is *guaranteeing* an 18 U.S.C. § 2255 ineffective assistance claim after trial. Defendants have made it crystal clear on the record that they cannot be effective on January 13, 2025, but have nonetheless asked to move forward on that day, and the Court's trial order now makes that trial date a reality.

If the Court intends to vacate its previous order to continue and reset the trial date to January 13, 2025; it must hold a hearing so that the record is clear that defense counsel recants their previous representations to the Court and can now effective advocates for their clients on January 13, 2025.

> TRINA A. HIGGINS
> UNITED STATES ATTORNEY
>
> */s/ Jacob J. Strain*
> JACOB J. STRAIN
> Assistant United States Attorney